UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Thomas Emory, | ) | Civil Action No. 7:20-629-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| Lowe's Home Centers, LLC and | ) | |
| Ingersoll-Rand Company, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court for review of the Report and Recommendation entered by United States Magistrate Judge Kevin F. McDonald on January 21, 2021 ("Report"). (ECF No. 32.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2) for the District of South Carolina, this case was referred to Magistrate Judge McDonald for pretrial handling. In his Report, the Magistrate Judge recommends that Plaintiff Thomas Emory's ("Plaintiff") motion to reopen this case (ECF No. 22) be denied because this Court lacks jurisdiction to reopen where Plaintiff previously voluntarily dismissed the action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (*See* ECF No. 32.) The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them here without recitation.[1]

## BACKGROUND

The Magistrate Judge entered his Report on January 21, 2021, recommending that Plaintiff's motion to reopen this case be denied. (*Id.* at 5.) On February 1, 2021, Plaintiff

---

[1] As always, the Court says only what is necessary to address Plaintiff's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; comprehensive recitation of law and fact exists there.

1

filed a hand-written document, which the Clerk docketed as objections to the Report. (ECF No. 35.) Defendants Lowe's Home Centers, LLC and Ingersoll-Rand Company ("Defendants") replied to Plaintiff's objections on February 9, 2021. (ECF No. 39.) In addition, since the briefing on the initial motion to reopen the case concluded, Plaintiff has continued to send correspondence to the Court, requesting the Court to grant him time find an attorney and to reopen the case. This correspondence has been docketed both as letters (ECF Nos. 37, 41, 48) and as additional motions to reopen the case (ECF Nos. 38 & 43). Defendants filed a combined response to these filings. (ECF No. 45.) The matter is ripe for consideration and the Court now makes the following ruling.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). Objections to the Report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). In the absence of a timely filed

objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **DISCUSSION**

In his Report, Magistrate Judge McDonald found that courts in this circuit have held that district courts lack jurisdiction to grant a motion to reopen where a plaintiff has previously voluntarily dismissed the action pursuant to Rule 41(a)(1)(A)(i), namely, where a plaintiff files a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. (ECF No. 32 at 2.) The Magistrate Judge further found that, while the Fourth Circuit has not squarely addressed the issue with regard to Rule 41(a)(1)(A)(ii), where a plaintiff files a stipulation of dismissal signed by all the parties who have appeared, other circuits have utilized the same reasoning to find that district courts lack jurisdiction to reopen a case after a voluntary dismissal in this manner. (*Id.* at 3.) Accordingly, Magistrate Judge McDonald concluded that, because subsection (i) and (ii) of Rule 41(a)(1)(A) both deal with voluntary dismissals without court orders, the analysis regarding lack of jurisdiction under subsection (i) is persuasive for subsection (ii), and this Court does not have jurisdiction to reopen the case subsequent to Plaintiff filing a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii). (*Id.*)

Upon review, the Court finds that Plaintiff's "objections" are non-specific, are unrelated to the dispositive portions of the Report, or merely restate his claims. (*See* ECF No. 35.) Plaintiff's objections provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition. Therefore, after a thorough review of the Report, the

record, and the applicable law, the Court finds that Plaintiff's objections are without merit and the Report evinces no error.

Moreover, Plaintiff's assertions in his letters and follow-on motions to reopen the case fail to demonstrate that this Court has jurisdiction over a matter that was previously dismissed pursuant to Plaintiff filing a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii). (*See* ECF Nos. 37, 41, 43, 48.) The Court agrees with the Magistrate Judge that this Court lacks jurisdiction to reopen this matter and Plaintiff's filings are unavailing to show otherwise.

## **CONCLUSION**

After careful consideration of the relevant materials and law, and for the reasons set forth above, the Court ADOPTS the Report (ECF No. 32) of the Magistrate Judge and incorporates it herein. Accordingly, Plaintiff's objections (ECF No. 35) are OVERRULED, and his motion to reopen the case (ECF No. 22) is DENIED. Furthermore, to the extent Plaintiff's follow-on correspondence has been construed as another motion to reopen the case (ECF No. 38) and a renewed motion to reopen the case (ECF No. 43), those motions are also DENIED.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

October 19, 2021
Greenville, South Carolina